### UNITED STATES v. DALE et al.

(District Court, N. D. California, First Division. May 17, 1915.)

#### No. 5676.

POST OFFICE ⊕⊸48(4)—USE OF MAILS TO DEFRAUD—INDICTMENT.
An indictment for using the mails to defraud *held* insufficient, in the absence of any averment showing the use of the mails by defendants prior to the consummation of the alleged fraud.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 72; Dec. Dig. ⊕⊸48(4).]

Criminal prosecution by the United States against J. A. Dale and H. P. Tracy. On demurrer to indictment. Demurrer sustained.

John W. Preston, U. S. Atty., and Annette Abbott Adams, Asst. U. S. Atty., both of San Francisco, Cal.

P. L. Benjamin, of San Francisco, Cal., for defendants.

DOOLING, District Judge. Defendants have been indicted for using the mails in furtherance of a scheme to defraud. The scheme averred was that defendants should, under the name of the Universal Company, pretend and represent to one Daniel N. Schneider that his father, lately deceased, had ordered from them, C. O. D., a pair of spectacles which were worth $10, to be delivered to him by Wells Fargo & Co., and would represent to said Schneider that these spectacles were to be paid for upon delivery, and that his deceased father had become obligated to pay therefor the sum of $10 and would thus procure the said spectacles to be delivered to said Schneider, as a true consignment made by agreement with and to be sent to his said deceased father, and thus induce him to pay to said Wells Fargo & Co. the sum of $10, which said sum should be by said Wells Fargo & Co. *delivered to defendants;* that said representations were all false, and the said spectacles were worth not more than $1; that in furtherance of said scheme defendants placed and caused to be placed in the post office, to be sent and delivered, and caused to be delivered according to the directions thereon, an envelope addressed to "The Universal Company, Care Wells Fargo & Co., San Francisco, Cal.," which envelope contained a Wells Fargo & Co.'s check for $10 payable to the order of the Universal Co., San Francisco, "account of C. O. D. shipped 3–16–1915, to J. J. Schneider."

It is evident from the scheme as alleged that its culmination would consist in inducing Schneider "to pay to Wells Fargo & Co. the sum

of $10, which said sum should be by said Wells Fargo & Co. delivered to defendants." It is not averred that it was intended that said sum should be sent to defendants by mail, so that from the indictment we may gather that Schneider paid to Wells Fargo & Co. the sum of $10, that Wells Fargo & Co. delivered this sum to defendants, and that they procured a check for that amount and mailed it to themselves at San Francisco, under the name of the Universal Company. If this be the meaning of the indictment, the mailing was in no way in furtherance of a scheme to defraud, although so averred, as the scheme had already been consummated. If this is not the meaning, but it is meant that Wells Fargo & Co., instead of "delivering the said sum of $10 to defendants," as it is averred they intended the express company to do, the company, going beyond their intention, mailed the money to them, they cannot be held criminally responsible for such use of the mails by the company, and the mailing of the letter would not be in furtherance of the scheme, which according to the averments of the indictment went no further than the "payment of the money to Wells Fargo & Co., and its delivery by said company to them."

The fraud averred is a petty one and should be punished; but, if the defendants were not responsible for the use of the mails "in furtherance thereof," they cannot be punished in this court. In the absence of any averment that it was part of their scheme that the money paid to Wells Fargo & Co. should be sent to them by mail, I do not think they can be properly held.

The demurrer is therefore sustained.